Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff
**STEPHEN SMITH**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN SMITH,** | CASE NO.: |
| | (Amount exceeds $25,000) |
| Plaintiff, | |
| | **COMPLAINT FOR DAMAGES** |
| v. | |
| | 1. **FOR RETALIATION AND** |
| **JAMES W. FOWLER, CO.;** | **WRONGFUL TERMINATION** |
| **AND DOES 1-100, INCLUSIVE,** | **IN WILLFUL VIOLATION OF** |
| | **THE FAMILY MEDICAL** |
| Defendant(s). | **LEAVE ACT [29 U.S.C. §2611** |
| _____ | **ET. SEQ.].** |

**Demand for Jury Trial**

### FIRST CAUSE OF ACTION

**FOR RETALIATION AND WRONGFUL TERMINATION IN WILLFUL VIOLATION OF THE FAMILY MEDICAL LEAVE ACT [29 U.S.C. §2611 ET. SEQ.]. (Against Defendant, and DOES 1-100)**

1. At all times mentioned herein, Plaintiff STEPHEN SMITH was, and now is, an individual residing in the County of San Bernardino, State of California.

---
1
**COMPLAINT FOR DAMAGES**

2.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant JAMES W. FOWLER, CO. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of Oregon, and having a principal place of business in the County of San Bernardino, State of California.

3.  Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

4.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and

scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

5.    At all times herein mentioned, until Plaintiff's wrongful termination on or about July 13, 2015, Plaintiff was employed by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

6.    On July 8, 2015, Plaintiff witnessed the death of a coworker on the jobsite, causing him to suffer the mental disabilities of stress, and anxiety.

7.    At all times hereinalleged, Plaintiff placed Defendants, and each of them, were on notice of Plaintiff's disability(s).

8.    On or about July 10, 2015, Plaintiff requested and/or was entitled to and/or was granted FMLA leave in order to recuperate and heal.

9.    Plaintiff made and/or articulated a worker's compensation injury regarding his psyche, stress, and anxiety disabilities.

10.   Three days later, on July 13, 2015, Plaintiff was terminated for the false and pretextual reason of "lack of work" in retaliation for requesting FMLA leave in order to recuperate and heal, in violation of 29 U.S.C. §2617.

///

///

///

---

3
**COMPLAINT FOR DAMAGES**

11. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual who did not request qualifying FMLA leave.

12. Defendants and DOES 1 through 100, and each of them, retaliated against Plaintiff in willful violation of the FAMILY MEDICAL LEAVE ACT on by the following continuous actions, and conduct, among others:

   a. Harassing, discriminating and retaliating against Plaintiff due to Plaintiffs disability(s), as hereinalleged;

   b. Harassing, discriminating and retaliating against Plaintiff due to Plaintiff requesting and/or taking and/or being entitled to FMLA and/or other lawful medical leave;

   c. On or about July 15, 2015, retaliating against and wrongfully constructively terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that there was a "lack of work" to keep Plaintiff employed.

   d. Keeping and/or replacing Plaintiff with and/or treating more favorably, a less experienced, less senior and/or non-disabled individual;

   e. Failing to rehire and/or reemploy Plaintiff.

///

13. The acts and conduct of Defendants, and each of them, as aforesaid, was in willful violation of the Family Medical Leave Act, 29 U.S.C. Section 2601 et seq.. Said statutes impose certain duties upon Defendants, and each of them, concerning retaliation against persons, such as Plaintiff, on the basis of their exercise of FMLA leave and the prohibition of said retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee with a perceived and/or physical disability(s), and within the protected class covered by 29 U.S.C. § 2611 (8).

14. By the acts and conduct described above, Defendants, and each of them, were willfully in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation. The acts of retaliation described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was retaliated against, Plaintiff's exercise of his FMLA leave was a substantial factor motivating and/or motivating reasons in Defendants' conduct.

15. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to 29 U.S.C. §2617 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future,

attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

16. As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

17. As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

18. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

19. The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, and were done

by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

20. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in 29 U.S.C. §2617(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For medical expenses and related items of expense, according to proof;
3. For loss of earnings, according to proof;
4. For loss of earning capacity, according to proof;
5. For reasonable attorneys' fees and costs of said suit as specifically provided in 29 U.S.C. §2617(a)(3), according to proof;
6. For prejudgment interest, according to proof;
7. For punitive and exemplary damages, according to proof;
8. For costs of suit incurred herein; and
9. For such other and further relief as the court may deem just and proper.

///

## DEMAND FOR JURY TRIAL

7
**COMPLAINT FOR DAMAGES**

Plaintiff hereby demands a trial by jury.

Date: July 31, 2017        LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:_____/s Todd M. Friedman_____
TODD M. FRIEDMAN, ESQ.
Attorneys for Plaintiff